IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIA E. WINDHAM, as Receiver for MARQUIS PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT DEUCHER, an individual, JULIE DEUCHER, an individual, BRIAN NIXON, an individual, AMANDA NIXON, an individual, DARCY WOLLASTON, an individual, STEVE WOLLASTON, an individual, and DOES 1-5.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STAY ACTION<br><br><br>Case No. 2:18-CV-428 TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Robert Deucher and Brian Nixon's (collectively, "Defendants") Motion to Stay.[1] Defendants request the Court stay this matter pending a ruling from the Honorable Jill N. Parrish in a related action.[2]

The Court has the inherent power to grant a stay pending the result of other proceedings.[3] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

[1] Defendants filed their Motion *ex parte*. However, Defendants provide no reason for the Court to consider the matter without response from Plaintiff and the Court declines to consider the Motion on an *ex parte* basis.

[2] *Maria E. Windham, as Receiver for Marquis Properties v. Nathaniel Robert Allen, et al.*, Case No. 2:18-CV-54 JNP-DBP.

[3] *Nederlandse Erts-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

1

for counsel, and for litigants."[4]  This determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[5]  "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[6]

Considering these factors, the Court declines to stay these proceedings.  At this stage, it is unclear whether a stay would promote judicial economy or avoid confusion and inconsistent results.  Moreover, there is no evidence that a stay, or lack thereof, would unduly injure the parties or create undue hardship.

It is therefore

ORDERED that Defendants' Motion to Stay (Docket No. 13) is DENIED.

DATED this 13th day of August, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[5] *Id.* at 254–55.

[6] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV 09 776 F, 2008 WL 4723008, *2 (W.D. Okla. 2008) (citing *Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Inc.*, 760 F. Supp. 1036, 1045 (E.D.N.Y. 1991)).