IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIA E. WINDHAM, as Receiver for MARQUIS PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DEUCHER, an individual, JULIE DEUCHER, an individual, BRIAN NIXON, an individual, AMANDA NIXON, an individual , DARCY WOLLASTON, an individual, STEVE WOLLASTON, an individual, and DOES 1-5, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT AMANDA NIXON'S MOTION TO DISMISS <br><br><br> Case No. 2:18-CV-428 TS-PMW <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant Amanda Nixon's Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

This action is brought by Plaintiff as Receiver for Marquis Properties, LLC and the assets of the Marquis Properties Receivership Estate. Plaintiff alleges that Chad Roger Deucher operated a Ponzi scheme through Marquis Properties from 2010 to 2016. This action is one of many "claw back" actions seeking to recover monetary payments and other assets Chad Deucher fraudulently caused Marquis Properties to transfer to Defendants, who are members of Chad Deucher's family.

Defendant Brian Nixon is Chad Deucher's brother-in-law and is alleged to have been an insider of Marquis Property and assisted Chad Deucher in operating the Ponzi scheme. Defendant Amanda Nixon is, or at all relevant times was, married to Defendant Brian Nixon.

1

Plaintiff alleges that Chad Deucher caused transfers of payments to be made directly or indirectly to Defendants from Marquis Properties' bank accounts where the funds of victim investors were deposited. Plaintiff further alleges that Chad Deucher transferred certain assets directly or indirectly to Defendants that were obtained from the fraud he perpetuated on investors. Plaintiff alleges that Chad Deucher made these transfers in furtherance of his fraud and for fraudulent purposes.

More specifically, Plaintiff alleges that Chad Deucher caused Marquis Properties to transfer payments and assets to Brian Nixon as compensation for activities of Defendants that enticed victim investors into the Ponzi scheme. In total, Brian Nixon was the recipient and/or beneficiary of at least $548,285 in commissions and other compensation payments from Marquis Properties, all of which Plaintiff alleges constitute fraudulent transfers.

With respect to Defendant Amanda Nixon, Plaintiff alleges that she was a beneficiary of some or all of the payments made by Marquis Properties to Brian Nixon. Alternatively, Plaintiff alleges that Brian Nixon transferred some or all of the fraudulently-obtained assets to Amanda Nixon without receipt of reasonably equivalent value paid in good faith.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 serves the vital purpose of enabling the court and defendants to know what claims are being asserted and to be able to respond to those claims."[1]

---

[1] *Washington v. Colo. State Univ.*, 405 F. App'x 288, 289–90 (10th Cir. 2010) (internal quotation marks omitted).

To meet this requirement, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[3]

As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[4]

## III.  DISCUSSION

Plaintiff brings claims against Defendants under the Utah Uniform Fraudulent Transfer Act (the "UFTA").[5]  The UFTA "was designed to prevent fraudulent transfers of assets by debtors who seek to defraud creditors or avoid debts by placing assets beyond creditors' reach."[6]  Defendant does not appear to argue that Plaintiff has failed to adequately plead the existence of a fraudulent transfer, but rather that Plaintiff has failed to adequately plead a claim against her.  The Court disagrees.

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[4] *Id.* at 679 (internal citations and quotation marks omitted).

[5] The UFTA has subsequently been renamed the Voidable Transactions Act and its provisions have been renumbered.  These amendments do not alter the Court's analysis.

[6] *Timothy v. Pia, Anderson, Dorius, Reynard & Moss LLC*, 424 P.3d 937 (Utah 2018).

The UFTA provides that a judgment may be entered against (1) the first transferee of the asset or the person for whose benefit the transfer was made; or (2) an immediate or mediate transferee of the first transferee, other than a good faith transferee that took for value.[7] Here, Plaintiff has alleged that Defendant is either a recipient beneficiary or was a subsequent transferee and that Defendant did not take for value or in good faith. While the allegations against Defendant are limited, they are sufficient to survive dismissal. The allegations provide notice to Defendant of the claims against her and allows her the ability to respond.

IV. CONCLUSION

It is therefore

ORDERED that Defendant Amanda Nixon's Motion to Dismiss (Docket No. 33) is DENIED.

DATED this 17th day of October, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[7] Utah Code Ann. § 25-6-9(2); Utah Code Ann. 25-6-304(2)(b).